[No. 17779.  Department Two.  September 11, 1923.]

## In re Morris B. Sachs.[1]

ATTORNEY AND CLIENT (40) — COMPENSATION — CONTRACTS — CONSTRUCTION. The employment of an attorney to defend all actions brought against an insurance company and to receive a retainer of $25 in each case and $50 a day for each day in court, is not an individual contract for each case; and, fixing no period of service, it may be terminated at any time.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered June 24, 1922, upon findings in favor of the defendant, in an action to recover on *quantum meruit* for legal services.  Affirmed.

*W. U. Park*, for appellant.

*Poe, Falknor & Falknor*, for respondent.

MAIN, C. J.—The question in this case is whether Morris B. Sachs, the appellant, for services rendered the Mutual Union Insurance Company, the respondent, is to be compensated on the basis of the *quantum meruit*, or in accordance with the terms of a contract between the parties.

The Mutual Union Insurance Company is a corporation and, some years ago, employed the appellant to defend all actions brought against it from time to time. At the time the contract was made, none of the cases in which compensation for services is now claimed had come into existence. By the terms of the contract, the appellant was to receive as a retainer twenty-five dollars in each case, fifty dollars for each day he was actually engaged in the trial of the case in the superior court, and one hundred dollars for every appeal to this court. After the service was entered upon, the appellant presented monthly statements to

[1] Reported in 218 Pac. 209.

the respondent based upon the contract schedule. For a number of years, the relation continued and the appellant defended many actions for personal injuries brought against the respondent.

On March 27, 1922, the board of trustees of the respondent passed a resolution to the effect that the employment of the appellant be continued "as to all cases which are now pending, or which may be pending before April 1, 1922," and there was embodied in the resolution authority to the president of the Mutual Union Insurance Company to employ an attorney to represent the company in all cases not pending before April 1, 1922. On May 10, 1922, the respondent, by its secretary, informed the appellant by letter that the company had made arrangements with another firm of attorneys to look after all future litigation, and requested the appellant to turn over the papers in all pending cases to the firm of attorneys thus employed. On May 11, 1922, or the day following, the appellant addressed a letter to the respondent in reply in which he took the position that, since the respondent had terminated the contract, he was entitled to compensation for all pending cases upon a *quantum meruit* basis, and attached a bill for services rendered in some twenty-nine cases then pending. The result was the present action which had for its ultimate purpose the determination of the compensation which the appellant was entitled to for services rendered in all cases which were still pending and undisposed of on May 10, 1922. The trial court took the view that the compensation for these cases was to be on the basis fixed by the contract, and entered a judgment in favor of the appellant for the balance due. It is from this judgment that the appeal is prosecuted.

The appellant takes the position that, as each case

after it was instituted was placed in his hands, he then entered upon an individual contract as to that case and the term of that individual contract ran from the time the case was entrusted to him until its conclusion. The respondent takes the position that, since the original contract of employment fixed no period of service, it had a right to discharge the appellant at any time, and that the contract was to handle all litigation that might arise and was not an individual contract as to each case. As we view it, it cannot be held that this was an individual contract for each case, and therefore the line of authorities cited by the appellant is not applicable. There being no time fixed during which the service was to continue, it is the rule that the employment could be determined at any time.

There is a further contention by the appellant that the resolution of March 27, 1922, operated as a new contract by which he was employed to handle to their final conclusion all cases which should arise prior to April 1st of that year; but we find nothing in the resolution which will justify us in so holding. It is recited therein that the employment of the appellant as an attorney for the company be continued in all cases then pending, or which might be pending before April 1, 1922, and that the president of the board of trustees be authorized to employ an attorney to represent the company in all cases not pending before April 1st. The effect of this resolution was simply to continue the employment of the appellant under the terms fixed by the original contract, and since that was an employment for an indefinite time, it was not breached by the respondent by its letter of May 10th which terminated the contract.

The judgment will be affirmed.

TOLMAN, FULLERTON, PEMBERTON, and PARKER, JJ., concur.